**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JOHN TAMBURO,                                )
on behalf of himself and the class          )
members described below,                    )
                                            )
                Plaintiff,                  )
                                            )
        vs.                                 )
                                            )
H & R ACCOUNTS, INC., doing business as     )
AVADYNE HEALTH,                             )
                                            )
                Defendant.                  )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff John Tamburo brings this action to secure redress from unlawful

collection practices engaged in by defendant H & R Accounts, Inc., d/b/a Avadyne Health

("H&R"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692

et seq. ("FDCPA").

### VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C.

§1331 and 28 U.S.C. §1337.

3.      Venue and personal jurisdiction in this District are proper because:

        a.      Defendant's collection communications were received by plaintiff within

                this District;

        b.      Defendant does or transacts business within this District.

### PARTIES

4.      Plaintiff John Tamburo is an individual who resides in the Northern District of

Illinois.

5.      Defendant H&R is an Illinois corporation with its principal place of business at

1

7017 John Deere Parkway, Moline, IL 61265. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6.      Defendant H&R is engaged in the business of a collection agency, and is licensed as such by the state of Illinois.

7.      Defendant H&R uses the mails and telephone system to collect health care debts originally owed to others.

8.      Defendant H&R is a debt collector as defined in the FDCPA.

### FACTS

9.      On or about August 24, 2015, plaintiff was sent the document attached as Exhibit A.

10.      While the document purports to come from Silver Cross Hospital, the return address, P.O. Box 739 Moline, IL 61266, is that of defendant.

11.      Silver Cross Hospital's payment address is 7008 Solution Center, Chicago, IL 60677.

12.      The contact phone number, 866-440-5651, is also that of defendant.

13.      Silver Cross Hospital uses the number 815-300-7087.

14.      Exhibit A states that "Unless we hear from you within 10 days, your account may be reviewed for placement with a collection agency. We need your immediate action."

15.      Exhibit A is sent when Silver Cross considers a debt past due.

16.      In August 2015, plaintiff received prerecorded voice messages from telephone number 866-440-5651.

17.      On August 28, 2015, plaintiff received a prerecorded voice message from 866-440-5651. That same day, plaintiff returned the call and heard a recorded message stating that he had reached the "business office." A person with a female voice then came on the line and asked if plaintiff was "John." Upon answering in the affirmative, plaintiff was told that the call concerned a past due bill from Silver Cross Hospital. The person specifically described the bill

2

as "past due."  Plaintiff asked for a copy of the bill, and was told it was not available.

18.     One who calls the number 866-440-5651 hears a recording stating that the caller has reached the "business office." If reached after business hours, the recording also informs the caller that payment can be made through the web site www.medicalpaymentcenter.com.

19.     The web site is registered to defendant under the name Avadyne Health (Exhibit B).  Silver Cross uses www.silvercross.org.

20.     The patient was plaintiff's stepson, who had received treatment five months previously, in April 2015.

21.     Plaintiff inquired if the caller was from a collection agency, and received a negative answer. The caller insisted that plaintiff was talking to the business office of Silver Cross Hospital.

22.     Plaintiff was not talking to Silver Cross Hospital, but H&R.

23.     Plaintiff did not receive a "notice of debt" as described in 15 U.S.C. §1692g.

24.     On information and belief, plaintiff was not sent a "notice of debt" as described in 15 U.S.C. §1692g.

25.     Exhibit A does not contain the disclosure required by 15 U.S.C. §1692e(11).

26.     At no time during the telephone communications between plaintiff and defendant did plaintiff receive the disclosure required by 15 U.S.C. §1692e(11).

27.     The purpose of the course of conduct described above is for defendant to engage in collection activities with respect to delinquent debts without complying with the FDCPA.

28.     The FTC warned that activities of the sort described above violated the FDCPA as long ago as 1992.  (Exhibit C)

## COUNT I – FDCPA

29.     Plaintiff incorporates paragraphs 1-28.

30.     Defendant violated 15 U.S.C. §1692g, by failing to provide the notice of debt required by that section.

31.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings.  A communication in the form of a formal pleading in a**

**civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

32.    Defendant violated 15 U.S.C. §1692e, 1692e(2), 1692e(10), 1692e(11) and 1692e(14) by:

        a.    threatening to send debts to a collection agency which already were with a collection agency,

        b.    pretending to be Silver Cross Hospital;

        c.    not disclosing that defendant was a debt collector.

33.    Section 1692e provides:

**§ 1692e.  False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of–**

**(A) the character, amount, or legal status of any debt; . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

**(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

5

## CLASS ALLEGATIONS

34.     Plaintiff brings this claim on behalf of  2 classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

35.     Class A consists of (a) all individuals who received a document in the form represented by Exhibit A (i.e., purporting to come from Silver Cross Hospital with the return address and contact telephone number of defendant) (b) at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

36.     Class B consists of (a) all individuals who received a telephone call from 866-440-5651 or other number used by defendant (b) purporting to come from the "business office" of Silver Cross Hospital (c) at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

37.     Each class is so numerous that joinder of all members is not practicable.

38.     On information and belief, based on use of form documents and the scripted nature of the phone calls, there are at least 40 members of each class.

39.     There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common questions are:

a.      Whether the debts that are the subject of documents in the form of Exhibit A and telephone calls from 866-440-5651 are delinquent;

b.      Whether the mailings and calls are from defendant;

c.      Whether defendant is engaged in a scheme to evade the notice and other requirements of the FDCPA.

40.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

41.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

42.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.     Individual actions are not economically feasible.

        b.     Members of the class are likely to be unaware of their rights.  The entire scheme outlined herein is based on deception.

        c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

        i.     Statutory damages;

        ii.     Attorney's fees, litigation expenses and costs of suit;

        iii.      Such other and further relief as the Court deems proper.


                                     s/Daniel A. Edelman
                                     Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

T:\31850\Pleading\Complaint_Pleading.wpd

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman